IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-03816-CYC

YONATHAN JOSE CORONADO ACEVEDO,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Yonathan Jose Coronado Acevedo, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. Among other things, he seeks release or, in the alternative, a bond hearing. ECF No. 29–30.

The petitioner is correct. "§ 1225(b)(2)(A)'s application is limited to the border" and individuals detained in the interior of the country, like the petitioner, are "properly [ ] subject

to detention under § 1226(a).” *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026). In all events, the respondents have forfeited any argument to the contrary, having elected not to “submit[ ] a brief in opposition . . . detailing the facts and circumstances of this case” and “recogniz[ing] that the Court may then decide to grant the Petition and award appropriate relief.” ECF No. 6 at 2–3.

Turning to the question of the appropriate relief, under the particular circumstances of this case, the petitioner is entitled to immediate release, not a bond hearing before an immigration judge. The petitioner entered the United States in February 2024 by appointment, was duly inspected by the Department of Homeland Security, and released on his own recognizance for his removal proceedings. ECF No. 1 ¶ 24. Prior to his arrest by U.S. Immigration and Customs Enforcement (“ICE”) on July 5, 2026, the petitioner “was living in Denver with his wife and her two children.” *Id.* ¶ 25. He has not been ordered removed. Rather, his removal proceedings are ongoing. *Id.*; ECF No. 1-3.

Citing a footnote in *Santillan Quiroz*, 180 F.4th at 1251 n. 13, the respondents state that the appropriate remedy would be an order directing them to provide the petitioner a bond hearing within seven days, ECF No. 6, but they offer no further argument in support of this position. In particular, they do not grapple with the fact that the petitioner was previously inspected by the immigration authorities and released on his own recognizance. They do not contend that the petitioner did anything to warrant the revocation of his release in the two-and-a-half years that he lived freely in the United States prior to his recent arrest. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (“[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual

is released from custody she has a protected liberty interest in remaining out of custody"). They do not argue, for instance, that he committed a crime, failed to appear for immigration proceedings or a check-in with ICE, or that he otherwise provided some reason to believe he is a flight risk or danger to the community. This case is therefore meaningfully different than *Santillan Quiroz*, where unlike the petitioner here, Mr. Santillan Quiroz had lived in the United States for almost twenty years but had never previously encountered ICE, much less been released on his own recognizance by the agency for removal proceedings. 180 F.4th at 1233.

Under these circumstances, where the petitioner apparently complied with the terms of his release for over two years before his arrest and detention, release on the same conditions is the appropriate remedy. As Judge Sweeney explained in granting release on very similar facts, the initial decision to release the petitioner "means that immigration officials have already determined that [he] is neither a flight risk nor a danger to the community," and nothing has happened in the interim to affect that assessment. *Singh*, 819 F. Supp. 3d at 1250. Therefore, there is "no reason to prolong Petitioner's detention now." *Id.* This Court has previously ordered release in cases presenting similar circumstances. *Rodrigo Polanco v. Baltazar*, 26-cv-02490-CYC, 2026 WL 2052069, at *1 (D. Colo. July 16, 2026); *Sotelo Pizon v. Baltazar*, No. 26-cv-02634-CYC, 2026 WL 1827457, at *2 (D. Colo. June 25, 2026); *Yuffra Giron v. Baltazar*, No. 26-cv-02186-CYC, 2026 WL 1661375 (D. Colo. June 8, 2026). And other courts in this district have reached the same conclusion when presented with the same or similar facts. *See, e.g.*, *Pineda Tijerino v. Baltazar*, No. 26-cv-00907-RBJ, ECF No. 9 (D. Colo. Mar. 30, 2026); *Kumar v. Baltazar*, No. 26-cv-00254-RMR, 2026 WL

642888, at *3 (D. Colo. Mar. 6, 2026); *Hernandez v. Noem*, No. 25-cv-03983-NRN, 2026 WL 621333, at *2 (D. Colo. Mar. 5, 2026) (granting release where petitioner was released on bond by an immigration judge before instant re-detention). Accordingly, the respondents shall release petitioner on the same conditions that governed his release prior to his recent detention.

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 22–23. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED**.

It is further ORDERED that:

(1) On or before August 31, 2026 , the respondents shall **RELEASE** the petitioner with his belonging and on the same conditions that governed his release as of July 5, 2026;

(2) the respondents shall file a status report within **seven days** of this ORDER informing the Court of petitioner's release; and

(3) if the petitioner believes he has a good faith basis to file a petition requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), he may file his petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B); *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that a court may award fees under the EAJA in habeas actions challenging immigration detention); *Morales Lopez v. Baltazar*, No. 25-cv-03078-WJM-KAS, 2026 WL 1492602 (D. Colo. May 28, 2026) (granting in part motion for EAJA fees and costs), that complies with the Local Rules of this District. See D.C.COLO.LCivR 54.3.

Entered and dated this 28th day of August, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge